IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Trustees of the Plumbers and )
Pipefitters National Pension Fund, )
                         )
           Plaintiffs, )
                         )
       v. )       Civil Action No. 1:10cv925 (TSE/TRJ)
                         )
Palm Beach Air, Inc., )
                         )
           Defendant. )
_____ )

**REPORT AND RECOMMENDATION**

This case is before the court on plaintiffs' motion for default judgment against defendant

Palm Beach Air, Inc. (docket no. 8). Process for defendant was personally served by private

process server on its president, Kenneth R. Lawson, Jr., on September 15, 2010. No answer or

other response to the complaint has been filed. The Clerk entered default on November 3, 2010

(docket no. 7).

**Jurisdiction and Venue**

The court has subject matter jurisdiction under Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145). Venue is proper

in this court under 29 U.S.C. § 1132(e)(2) (ERISA § 502(e)(2)). The complaint alleges facts on

which the court has personal jurisdiction over defendants under Fed. R. Civ. P. 4(k) and Va. Code

§ 8.01-328.1(A)(1).

**Fact Summary**

The following facts are established by the complaint and by plaintiffs' affidavits in support of default judgment.

Plaintiffs, Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund"), are the trustees of a multi-employer employee benefit plan, as defined in 29 U.S.C. §§ 1002(3) and (37) (ERISA §§ 3(3) and 3(37)). Pls.' Compl. ¶ 1. Establishment and maintenance of the National Pension Fund is pursuant to a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between United Association Local Union No. 630 ("Local 630") and defendant. *Id*.

Defendant Palm Beach Air, Inc. is a Florida corporation existing under the laws of the State of Florida with an office located in Florida. Pls.' Compl. ¶ 2. Defendant transacts business in the State of Florida as a contractor or subcontractor in the plumbing and pipefitting industry. *Id*. At all times herein, defendant was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA") (29 U.S.C. §§ 142(1), (3), and 152(2)); 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14) (ERISA §§ 3(5), (9), (11), (12), and (14)); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. § 1001(a)).

Defendant entered into the aforementioned Collective Bargaining Agreement (the "Agreement") with Local 630, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. Pursuant to the Agreement, defendant agreed to pay the National Pension Fund certain sums of money for each hour worked by employees of the defendant covered by the Agreement. Pls.' Compl. ¶¶ 4-6. Defendant employed certain covered employees during the months of December 2009 through June 2010 within Local 630's jurisdiction as to the National Pension Fund, and continuing. Pls.'

Am. Compl. ¶¶ 6-7.

Defendant failed to timely pay contributions due and owing to the National Pension Fund on behalf of its employees for work covered by the Agreement performed at defendant's request and to submit reports showing contributions due and owing for the months of December 2009 through June 2010. Pls.' Compl. ¶¶ 7-8; Aff. of William T. Sweeney, Jr. (docket no. 9-1) ¶¶ 5-6. In addition, defendant has failed to pay liquidated damages for its failure to make timely payments to the National Pension Fund for the months of December 2009 through June 2010. Pls.' Compl. ¶¶ 14-15; Aff. of William T. Sweeney, Jr. ¶¶ 13-14.

Consequently, pursuant to the Agreement and under 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)), plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages;[1] (3) interest on contributions which were paid late or remain unpaid;[2] and, (4) reasonable attorneys' fees and the costs of this action.

### Contributions Owed, Interest and Liquidated Damages

Defendant has failed to timely pay contributions due and owing to the National Pension Fund on behalf of its employees for work covered by the Agreement performed at defendant's request for the months of December 2009 through June 2010. Pls.' Compl. ¶ 7; Aff. of William T. Sweeney, Jr. ¶ 5. According to projections performed in accordance with the Restated Agreement and Declaration of Trust, defendant owes contributions to the National Pension Fund in the amount of $3,354.19 for the months of December 2009 through June 2010. Pls.' Compl. ¶¶ 10-13; Aff. of William T. Sweeney, Jr. ¶¶ 8-11. The total amount of delinquent contributions is therefore $3,354.19.

---

[1] Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust.

[2] Interest is assessed at the rate of 12% per annum, calculated here from the date due through November 12, 2010, and continuing to accrue at the rate of 12% per annum through the date of payment payable to the National Pension Fund.

Defendant also owes to the National Pension Fund liquidated damages. Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust, if an employer fails to pay amounts due when such amount become due, the Trustees may assess liquidated damages in the amount of ten percent (10%) of the amount due if payment is not received by the due date. Pls.' Compl. ¶ 14; Aff. of William T. Sweeney, Jr. ¶ 13. Defendant is obligated to the National Pension Fund in the amount of $335.42 in liquidated damages for its late payments for the months of December 2009 through June 2010. Pls.' Compl. ¶ 15; Aff. of William T. Sweeney, Jr. ¶ 13.

In addition, pursuant to the Restated Agreement and Declaration of Trust, defendant owes interest in the amount of $227.70 assessed at a rate of twelve percent (12%) per annum from the date due through November 12, 2010 and continuing through date of payment. Pls.' Compl. p. 5; Aff. of William T. Sweeney, Jr. ¶ 13. Finally, defendant owes attorneys' fees and costs because the National Pension Fund had to take this action to enforce its rights under the contracts. Pls.' Compl. p. 5; Pls.' Mot. for Def. Judgm. ¶ 1; Decl. of John Harney (docket no. 9-2).

The following amounts are due and owing:

| Fund | Delinquent Contributions | Liquidated Damages | Interest[3] |
|---|---|---|---|
| National Pension Fund | $3,354.19 | $335.42 | $227.70 |
| **TOTAL** | **$3,354.19** | **$335.42** | **$227.70** |

---

[3]Calculated through November 12, 2010.

## Attorneys' Fees and Costs

The Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)) provide that an employer may be required to pay all attorneys' fees and costs incurred. Plaintiffs' counsel avers under oath that the following is an accurate representation of the attorneys' fees and costs incurred in this proceeding:

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate | Time Used | Cost |
| Counsel #1 | $200.00 | 1.0 | $200.00 |
| Paralegal | $120.00 | 7.25 | $870.00 |
| Total | | | **$1,070.00** |

| Costs | |
|---|---|
| Filing Fee | $350.00 |
| Service of Process Fee | $150.00 |
| Computerized Research Fee | $101.29 |
| **TOTAL** | **$601.29** |

The magistrate judge has examined the record and finds that this amount is reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---|
| **Delinquent Contributions** | **$3,354.19** |
| **Liquidated Damages** | **$335.42** |

| | |
|---|---|
| **Accrued Interest**[4] | **$227.70** |
| **Attorneys' Fees** | **$1,070.00** |
| **Costs** | **$601.29** |
| **Total** | **$5,588.60** |

### Recommendation

The magistrate judge recommends that default judgment be entered against defendant Palm Beach Air, Inc., in favor of plaintiffs, Trustees of the Plumbers and Pipefitters National Pension Fund in the amount of $5,588.60, plus interest on delinquent contributions continuing to accrue at twelve percent (12%) per annum from November 12, 2010 until full payment is made. The magistrate judge further recommends that the court enjoin defendant from violating the terms of plaintiffs' employee benefit plan and order defendant to submit timely contributions and reports to plaintiffs' fund.

### Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
_____
Thomas Rawles Jones, Jr.
United States Magistrate Judge

January 4, 2011
Alexandria, Virginia

_____

[4]Calculated through November 12, 2010.